**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ORLANDO MALDONADO PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-428-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## ORDER

On March 6, 2026, Orlando Maldonado Perez, a noncitizen, filed his Petition for Writ of Habeas Corpus ("Petition").  Doc 1.  The Court set a briefing schedule, Doc. 8, and the Petition is at issue.  In his Petition, Petitioner seeks "a writ of habeas corpus requiring that Respondents release Petitioner Immediately, or provide Petitioner with a bond hearing before a neutral IJ pursuant to 8 U.S.C. § 1226(a) within three days."  Pet. at 73.  However, it has come to the Court's attention that the immigration judge granted Petitioner "voluntary departure" on March 26, 2026.  *See* EOIR, Automated Case Information, *available at* https://acis.eoir.justice.gov/en/ (last accessed Apr. 6, 2026); *see also* 8 C.F.R. § 1240.26(b) (allowing an immigration judge to grant voluntary departure prior to the completion of removal proceedings).

---

[1] Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026.  He replaces Kristi Noem and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).  Todd Blanche was announced as Acting Attorney General on April 2, 2026.  He replaces Pamela Bondi and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

Whether Petitioner has been granted voluntary departure may be central to the disposition of this case.  If Petitioner has been granted voluntary departure, then he is no longer awaiting a decision on removal.  *See Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't (ICE),* No. 25-CV-02802, 2026 WL 815824, at *4 (N.D. Ohio Mar. 25, 2026) (finding "the entry of the voluntary departure order by the Immigration Judge terminated any removal proceedings such that Petitioner is no longer awaiting a decision on removal" and the "petition is moot" because "Petitioner no longer falls under §1226(a)").

Accordingly, if either party has additional or contradictory information necessary for the Court to determine the status of Petitioner's immigration proceedings, the Court **ORDERS** the party to inform the Court **not later than April 9, 2026**.

**IT IS SO ORDERED** this 6th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE